{¶ 38} I must agree with the determination of the majority that the children had not been in temporary custody of MCCSB for a period of twelve of the last twenty-two months prior to the filing of the permanent custody motions on June 21, 2005, although the filing was made only five days prior to the required twelve month time period. Nevertheless, due to the early filing by MCCSB, R.C. 2151.414(B)(1)(d) is not applicable and as noted by the majority, R.C. 2151.414(B)(1)(a) must be applied to this case.
 {¶ 39} However, I respectfully disagree with the conclusion of the majority that the trial court's findings, set forth in the June 2, 2006 Judgment Entry of the Court of Common Pleas, Marion County, Ohio as noted above in paragraph 18, are insufficient to establish the requisite elements of R.C. 2151.414(B)(1)(a). While the better practice would always be to recite the findings in the specific terms of the statute, it is my opinion that the findings made be the trial court in this case are sufficient to establish that "the child[ren] cannot be placed with either of the child[ren]'s parents within a reasonable time or should not be placed with the child[ren]'s parents." R.C. 2151.414(B)(1)(a) (Emphasis added.).
 {¶ 40} Specifically, it is my opinion that the trial court established that the children should not be placed with the children's parents. For example, the trial court stated that the mother was diagnosed with alcoholism and was chemically dependent and demonstrated a lack of stability and permanency in her life. In addition, the trial court stated that a representative of Stepping Stone House testified that the mother's plans were inconsistent and constantly changing and that she is very dependent on others. The trial court also stated that the father of Levi abandoned his child and that the father of Antonio did not want custody of his son, did not pay support and made minimal attempts at offered visitation.
 {¶ 41} For these reasons, I respectfully dissent. I would overrule the assignments of error pertaining to this issue and proceed to consider the remaining assignments of error in this appeal.